UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>LUIS ACEVEDO *et al.*,<br><br>        Defendants. | 07 Cr. 378 (SHS) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT LUIS ACEVEDO'S
PRE-TRIAL MOTION**

Dated:  November 8, 2007

PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
Alex Young K. Oh
Samuel E. Bonderoff
1285 Avenue of the Americas
New York, New York 10019-6064
Tel.: (212) 373-3000
Fax: (212) 757-3900

Attorneys for Defendant Luis Acevedo

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>LUIS ACEVEDO *et al.*,<br><br>  Defendants. | 07 Cr. 378 (SHS) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT LUIS ACEVEDO'S PRE-TRIAL MOTION**

**Preliminary Statement**

Pursuant to Federal Rule of Criminal Procedure 12, Defendant Luis Acevedo ("Mr. Acevedo") submits this memorandum of law in support of his motion to suppress those parts of his co-defendant Edy Hernandez-Uberia's ("Hernandez") May 15, 2007 post-arrest statement that purportedly inculpate Mr. Acevedo and therefore violate his rights under the Confrontation Clause of the Sixth Amendment to the United States Constitution. Under the Supreme Court case of *Crawford* v. *Washington*, an out-of-court testimonial statement cannot be introduced against a defendant unless that defendant has the opportunity to cross-examine whoever made the statement in question. Therefore, unless the Government intends to call Hernandez as a witness in this case, that portion of his post-arrest statement that purportedly refers to Mr. Acevedo should be suppressed.

**Statement of Facts**

On May 15, 2007, Edy Hernandez-Uberia ("Hernandez"), a defendant in the instant case, was arrested in the Bronx pursuant to an arrest warrant obtained by the New York Organized Crime Drug Enforcement Strikeforce Group Z-51. (Report at p.

1

1.)[1] The warrant alleged that Hernandez had violated 21 U.S.C. § 846. (*Id.*) According to the Report, Hernandez was informed of his rights by the arresting officers and indicated that he understood them. (*Id.*) He purportedly agreed to speak to the investigating officers, signed a *Miranda* Rights Form, and made a statement. (*Id.*)[2] These actions were allegedly witnessed by a Detective Pete Crespo and Special Agent Howard Lam; Agent Lam is also the author of the Report. (*Id.*)

In his statement, Hernandez allegedly claimed that he was an employee of a company called Canoa Shipping, where he worked for an individual called "Martinez." (Report at p. 1.) According to the Report, Martinez was an "older, Dominican male." (*Id.*)

Hernandez also purportedly stated that he was arrested on money laundering charges in October 2006. (Report at p. 2.) Hernandez was supposedly arrested in the company of an individual the Report calls "DARI" while driving a tan Chevy Blazer that contained $100,000. (*Id.*) Hernandez purportedly stated that "he assumed that the money contained inside the vehicle belonged to 'Martinez' since it was registered under his name." (*Id.*) Hernandez allegedly indicated that he was, at the time that he made this statement, on probation for those money-laundering charges. (*Id.*) According to the Report, Hernandez "stated that he would be able to assist agents if he

---

[1] Attached as Exhibit A to the accompanying Affidavit of Samuel E. Bonderoff, Esq., dated November 7, 2007 (the "Bonderoff Aff.") is the Drug Enforcement Agency Report of Investigation regarding the May 15, 2007 arrest of Edy Hernandez-Uberia, prepared on May 17, 2007 (the "Report").

[2] Hernandez has filed a motion to suppress this statement, which is currently pending before the Court. *See* Docket No. 17.

2

was given the opportunity." (*Id.*) Hernandez also purportedly told the investigating agents that he did not have any contact information for Martinez. (*Id.*)

On August 16, 2007, Defendant Luis Acevedo ("Mr. Acevedo") was indicted by the grand jury in the United States District Court for the Southern District of New York.[3] (Indictment at ¶ 1.)[4] The Indictment alleged that Mr. Acevedo was also known as "Martinez." (*Id.*) Mr. Acevedo, along with his co-defendants Hernandez, Rafael Perez, and Ana Garcia Santana, was indicted for violations of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(A) for allegedly conspiring to distribute and possess with the intent to distribute "1 kilogram or more of mixtures and substances containing a detectable amount of heroin[.]" (*Id.* at ¶ 2.) Overt acts in furtherance of this alleged conspiracy were alleged against all of the defendants. (*Id.* at ¶ 3.) Hernandez's overt act was alleged to be an arrest "[o]n or about October 4, 2006" in which he and a "co-conspirator not named as a defendant herein ... drove a vehicle containing approximately $120,000 concealed in a secret compartment in the Bronx, New York." (*Id.*) This overt act thus appears to be the same arrest allegedly described by Hernandez in his *Miranda* statement, and the Government presumably will offer the post-arrest statement of Hernandez concerning "Martinez" against Mr. Acevedo.

---

[3] This indictment superseded the first, originally-sealed indictment brought against Mr. Acevedo on May 15, 2007 and unsealed on August 6, 2007. *See* Docket Nos. 19, 21.

[4] A copy of the Indictment, dated August 16, 2007, is attached as Exhibit B to the accompanying Bonderoff Aff.

3

**Argument**

**I.**
**HERNANDEZ'S POST-ARREST STATEMENT SHOULD BE SUPPRESSED BECAUSE IT VIOLATES MR. ACEVEDO'S RIGHTS UNDER THE CONFRONTATION CLAUSE OF THE SIXTH AMENDMENT**

A statement made by an arrestee to law enforcement officials constitutes a testimonial statement. *See Crawford* v. *Washington*, 541 U.S. 36, 68 (2004) ("Whatever else the term [testimonial] covers, it applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; *and to police interrogations*") (emphasis added); *accord United States* v. *Reifler*, 446 F.3d 65, 86 (2d Cir. 2006). "Where testimonial evidence is at issue ... the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination." *Crawford*, 541 U.S. at 68. Moreover, "[w]here testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is the one the Constitution actually prescribes: confrontation." *Id.* at 68-69. Thus, under the Sixth Amendment, an out-of-court testimonial statement cannot be admitted against a criminal defendant unless the statement-maker is made available for cross-examination by the defendant. *Id.*[5]

Hernandez's statement, purportedly given after *Miranda* warnings and made to federal law enforcement officials, was plainly testimonial. *See Crawford*, 541 U.S. at 68; Bonderoff Aff., Ex. A at p. 1. His statement allegedly indicated that Mr. Acevedo, allegedly also known as "Martinez," must have been the party who possessed the more-than-$100,000 that was the basis of the money-laundering charges against

---

[5] "In all criminal prosecution, the accused shall enjoy the right ... to be confronted with the witnesses against him[.]" U.S. CONST. amend. VI.

4

Hernandez. Bonderoff Aff., Ex. A at p. 2. This same incident is also the alleged overt act committed by Hernandez as part of the alleged conspiracy and is accordingly a part of the Indictment in this case. *Id.*, Ex. B at ¶ 3. Thus, the Government clearly intends to use this incident as part of its case-in-chief against all defendants, including Mr. Acevedo.

But this statement cannot be admitted to prove the truth of the matter asserted. Under the clear rule of *Crawford*, the Government will have to make its proof without the use of Hernandez's statement to the extent it inculpates Mr. Acevedo — unless Hernandez takes the witness stand and testifies in this case. *Crawford*, 541 U.S. at 68-69; *United States* v. *McClain*, 377 F.3d 219, 221 (2d Cir. 2004) (affirming *Crawford*'s establishment of a "*per se* bar on the admission of out-of-court testimonial statements made by unavailable declarants where there was no prior opportunity for cross-examination" (emphasis in original)). Unless Mr. Acevedo has an opportunity to confront and cross-examine Hernandez, Hernandez's out-of-court, testimonial statement implicating Mr. Acevedo in alleged money-laundering crimes is inadmissible under the Confrontation Clause and should be suppressed. *Id.*; U.S. CONST. amend. VI.

5

**Conclusion**

For the foregoing reasons, Defendant respectfully requests that the Court grant his pre-trial motion.

Dated:   November 8, 2007

                              Respectfully submitted,

                              /s/ Samuel E. Bonderoff
                              PAUL, WEISS, RIFKIND, WHARTON &
                                  GARRISON LLP
                              Alex Young K. Oh
                              Samuel E. Bonderoff
                              1285 Avenue of the Americas
                              New York, New York 10019-6064
                              Tel.:  (212) 373-3000
                              Fax:  (212) 757-3900

                              Attorneys for Defendant Luis Acevedo