

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

**November 13, 2007**

**By Hand Delivery**
The Honorable Sidney H. Stein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

        Re:    United States v. Luis Acevedo,
                  07 Cr. 378 (SHS)

Dear Judge Stein:

      The Government respectfully writes to respond to Mr. Acevedo's motion to suppress a post-arrest statement of co-defendant Edy Hernandez-Uberia, on grounds that admission of the statement violates the Confrontation Clause of the Sixth Amendment, in light of United States v. Crawford, 541 U.S. 36, 68 (2004).  The Government will also file its response via ECF.  The Government respectfully submits that the motion should be denied.

      Should Mr. Hernandez plead guilty, and should Mr. Acevedo go to trial, the Government does not presently intend to offer Mr. Hernandez's post-arrest statement against Mr. Acevedo.  However, should Mr. Hernandez and Mr. Acevedo both proceed to trial, the Government may seek to offer Mr. Hernandez's post-arrest statement against Mr. Hernandez.  Introduction of Mr. Hernandez's statement in an un-redacted form could pose a problem under Bruton v. United States, 391 U.S. 123 (1968), which held that admission of a non-testifying co-defendant's confession, naming the defendant as a perpetrator at their joint trial, violates the named defendant's Sixth Amendment right to cross-examination, notwithstanding a jury instruction that the statement can only be considered against the defendant who made it.[1]

      Therefore, well before trial, the Government would propose appropriate redactions to Mr. Hernandez' post-arrest statement to eliminate any reference to Mr. Acevedo, consistent with the rule of Bruton and Richardson v. Marsh, 481 U.S. 200 (1987), which held that redaction of the co-defendant's confession to eliminate any reference to the defendant is

---

    [1]A memorandum concerning Hernandez's post-arrest statement is attached to Mr. Acevedo's motion at Exhibit 1.  Hernandez stated, among other things, that he had worked for "Martinez" (an alias used by Acevedo) and that when Hernandez was arrested for money laundering in October 2006, Hernandez was in a vehicle containing $100,000, which Hernandez assumed belonged to Martinez since the vehicle was registered in Martinez's name.

The Honorable Sidney H. Stein
November 13, 2007
Page 2

sufficient to eliminate any Bruton problem.

The decision in Crawford v. Washington, 541 U.S. 36 (2004), while it generally bars out-of-court testimonial hearsay, does not change the rule of Bruton or Richardson with respect to the appropriate treatment of a defendant's post-arrest statement that implicates a co-defendant. Indeed, the Second Circuit has specifically rejected the proposition that Crawford modifies Bruton or Richardson, in the context of a severance motion. See, e.g., United States v. Lung Fong Chen, 393 F.3d 139, 150 (2d Cir. 2004) ("we see no indication that Crawford overrules Richardson or expands the holding of Bruton"); see also Haymon v. New York, 332 F. Supp. 2d 550, 559 n.4 (W.D.N.Y. 2004) ("Crawford gives no indication that Richardson and its progeny have been abrogated in any way."); United States v. Cuong Gia Le, 316 F. Supp. 2d 330, 338 n.8 (E.D. Va. 2004) (rejecting argument that "Crawford overruled Bruton and its progeny" because "[s]uch a revolutionary change in criminal procedure jurisprudence was not announced in Crawford and it cannot be assumed that the Justices intended to overrule Richardson sub silencio [sic]").

Crawford is not violated when a properly redacted co-defendant's statement is admitted at a joint trial because the redacted statement does not directly implicate the defendant and proves the guilt only of the co-defendant who made the statement. See Crawford, 51 U.S. at 1363-64 (Confrontation Clause "applies to 'witnesses' against the accused") (emphasis added). See also Lung Fong Chen, 393 F.3d at 150 (for "Crawford to provide assistance to Chen and Liu, Tu's statements must have been admitted against them. As discussed above, Tu's statements inculpate Chen and Liu only in the context of the substantial evidence used to link them to Tu's statements. The same attenuation of Tu's statements from Chen and Liu's guilt that prevents Bruton error also serves to prevent Crawford error. Thus, there is no separate Crawford problem").

Admission of Mr. Hernandez's statement in redacted form would be appropriate both under Crawford and Bruton. Therefore Mr. Acevedo's motion should be denied.

Sincerely,

MICHAEL J. GARCIA
United States Attorney

By:   s/Jocelyn E. Strauber
      _____
      Jocelyn E. Strauber
      Assistant United States Attorney
      (212) 637-1034 (phone)
      (212) 637-0086 (fax)

cc:   Alex Young K. Oh, Esq./Samuel E. Bonderoff, Esq. (Via Facsimile)

The Honorable Sidney H. Stein
November 13, 2007
Page 3